UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KOREY WATSON,

                                     Plaintiff,

-against-

THE CITY OF NEW YORK, FJC SECURITY SERVICES, INC., SABRINA DUNCAN, ASHLEY JOHNSON, KERN PROBHERBS, NATASIA LYLES, TAMIKA JENKINS, PATRICIA ROBINSON, and SEAN WILLIAMS,,

                                     Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, KERN PROBHERBS, AND SABRINA DUNCAN**

**JURY TRIAL DEMANDED**

23-CV-8975 (LDH) (TAM)

------------------------------------------------------------------------ X

        Defendants City of New York, Sabrina Duncan, and Kern Probherbs (hereinafter "City Defendants") by their attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, as and for their Answer to the First Amended Complaint (hereinafter "FAC"), respectfully allege, upon information and belief, as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the FAC, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the FAC, except admit that plaintiff purports to involve the Court's jurisdiction as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the FAC, except admit that plaintiff purports to base venue as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the FAC.

5. Deny the allegations set forth in paragraph "5" of the FAC, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the FAC.

7. Deny the allegations set forth in paragraph "7" of the FAC, except admit defendant City and FJC Security Services had a contractual relationship on September 7, 2022.

8. Deny the allegations set forth in paragraph "8" of the FAC, except admit that the New York City Human Resources Administration is committed to providing New Yorkers in need with essential benefits[1].

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the FAC, except admit that on September 7, 2022 Sabrina Duncan and Kern Probherbs were employees of the New York City Human Resources Administration.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the FAC, except admit that on September 7, 2022 Sabrina Duncan and Kern Probherbs were assigned to the New York City Human Resources Administration office located at 275 Bergen Street Brooklyn, New York 11217 (hereinafter "275 Bergen HRA Office").

---

[1] https://www.nyc.gov/site/hra/about/about-hra.page

11. State that the allegations set forth in paragraph "11" of the FAC are legal conclusions to which no response is required.

12. State that the allegations set forth in paragraph "12" of the FAC are legal conclusions to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the FAC, and further state that, to the extent the allegations are legal conclusions, no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the FAC, and further state that, to the extent the allegations are legal conclusions, no response is required.

15. Deny the allegations in paragraph "15" of the FAC further state that, to the extent the allegations are legal conclusions, no response is required.

16. Deny the allegations set forth in paragraph "16" of the FAC, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 6, 2022, and further admit that, to date, this matter has not been resolved.

17. the allegations set forth in paragraph "17" of the FAC, except admit that plaintiff testified at a hearing pursuant to New York General Municipal Law Section 50-h on February 2, 2023.

18. Deny the allegations set forth in paragraph "18" of the FAC, except admit that more than thirty days have elapsed since February 2, 2023.

19. Deny the allegations set forth in paragraph "19" of the FAC, except admit that Plaintiff initiated this action or about December 6, 2024.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the FAC.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the FAC.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the FAC.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the FAC.

24. Deny the allegations set forth in paragraph "24" of the FAC.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the FAC, except admit that City Defendants did not search individuals before they entered the 275 Bergen HRA Office.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the FAC, except admit that City Defendants did not search individuals before they entered the 275 Bergen HRA Office.

27. Deny the allegations set forth in paragraph "27" of the FAC.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the FAC.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the FAC, except admit that City Defendants were near Plaintiff when Plaintiff began to yell at an unidentified person.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the FAC.

31. Deny the allegations set forth in paragraph "31" of the FAC, except admit that on September 7, 2022 in the 275 Bergen HRA Office, the unidentified person struck Plaintiff with a blade.

32. Deny the allegations set forth in paragraph "32" of the FAC.

33. Deny the allegations set forth in paragraph "33" of the FAC.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the FAC.

35. Deny the allegations set forth in paragraph "35" of the FAC.

36. Deny the allegations set forth in paragraph "36" of the FAC.

37. Deny the allegations set forth in paragraph "37" of the FAC.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the FAC, except admit that on September 7, 2022, emergency responders transported Plaintiff to New York-Presbyterian Brooklyn Methodist Hospital.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the FAC, except admit that on September 7, 2022, emergency responders transported Plaintiff to New York-Presbyterian Brooklyn Methodist Hospital.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the FAC, except admit that on September 7, 2022, emergency responders transported Plaintiff to New York-Presbyterian Brooklyn Methodist Hospital.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the FAC.

42. In response to the allegations set forth in paragraph "42" of the FAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. State that the allegations set forth in paragraph "43" of the FAC are legal conclusions to which no response is required.

44. Deny the allegations set forth in paragraph "44" of the FAC.

45. Deny the allegations set forth in paragraph "45" of the FAC.

46. Deny the allegations set forth in paragraph "46" of the FAC.

47. In response to the allegations set forth in paragraph "47" of the FAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48. State that the allegations set forth in paragraph "48" of the FAC are legal conclusions to which no response is required.

49. Deny the allegations set forth in paragraph "49" of the FAC.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the FAC.

51. Deny the allegations set forth in paragraph "51" of the FAC.

52. Deny the allegations set forth in paragraph "52" of the FAC.

53. Deny the allegations set forth in paragraph "53" of the FAC.

54. In response to the allegations set forth in paragraph "54" of the FAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55. State that the allegations set forth in paragraph "55" of the FAC are legal conclusions to which no response is required.

56. State that the allegations set forth in paragraph "56" of the FAC are legal conclusions to which no response is required.

57. Deny the allegations set forth in paragraph "57" of the FAC.

58. Deny the allegations set forth in paragraph "58" of the FAC.

59. Deny the allegations set forth in paragraph "59" of the FAC.

60. Deny the allegations set forth in paragraph "60" of the FAC.

61. Deny the allegations set forth in paragraph "61" of the FAC.

62. Deny the allegations set forth in paragraph "62" of the FAC.

63. Deny the allegations set forth in paragraph "63" of the FAC.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the FAC.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the FAC and refer the Court to the materials cited therein for a true and accurate recitation of their contents.

66. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the FAC and refer the Court to the materials cited therein for a true and accurate recitation of their contents.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the FAC.

68. Deny the allegations set forth in paragraph "68" of the FAC, and respectfully refer the Court to the materials cited therein for a true and accurate recitation of their contents.

69. Deny the allegations set forth in paragraph "69" of the FAC, and respectfully refer the Court to the materials cited therein for a true and accurate recitation of their contents.

70. Deny the allegations set forth in paragraph "70" of the FAC, and respectfully refer the Court to the materials cited therein.

71. Deny the allegations set forth in paragraph "71" of the FAC, and respectfully refer the Court to the materials cited therein for a true and accurate recitation of their contents.

72. Deny the allegations set forth in paragraph "72" of the FAC, and respectfully refer the Court to the materials cited therein.

73. Deny the allegations set forth in paragraph "73" of the FAC, and respectfully refer the Court to the materials cited therein.

74. Deny the allegations set forth in paragraph "74" of the FAC.

75. Deny the allegations set forth in paragraph "75" of the FAC.

76. In response to the allegations set forth in paragraph "76" of the FAC, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. State that the allegations set forth in paragraph "77" of the FAC are legal conclusions to which no response is required. To the extent a response is required, City defendants deny the allegations therein.

78. Deny the allegations set forth in paragraph "78" of the FAC.

79. Deny the allegations set forth in paragraph "79" of the FAC.

80. Deny the allegations set forth in paragraph "80" of the FAC.

81. Deny the allegations set forth in paragraph "81" of the FAC.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82. The FAC fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84. To the extent that the FAC alleges any claims arising under New York State law, such claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq.*

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85. At all times relevant to the acts alleged in the FAC, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on plaintiff's state law claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

86. Punitive damages are not recoverable against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

87. Plaintiff has failed to state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

88. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

89. Defendants City of New York, Probherbs, and Duncan have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereto.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

90. Defendants Probherbs and Duncan have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

91. Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendants City of New York, Sabrina Duncan, and Kern Probherbs request judgment dismissing the FAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 9, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Kern Probherbs, and Sabrina Duncan*
100 Church Street, Third Floor
New York, New York 10007
Phone: (212) 356-2249

By: *KellyAnne Holohan*     /s/
KellyAnne Holohan
*Assistant Corporation Counsel*
Special Federal Litigation Division

**BY ECF**
cc: *All counsel of record*