

277 Broadway, Suite 1501  
New York, NY 10007

1825 Foster Avenue, Suite 1K  
Brooklyn, NY 11230

Gideon@GideonLaw.com*  
GideonLaw.com

**Office**: (718) 783-3682  
**Signal**: (646) 263-3495  
**Fax**: (646) 349-2914*

*Not for service*

November 19, 2024

**VIA ECF**  
Honorable Taryn A. Merkl  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

    Re:    <u>Korey Watson v. The City of New Yok et al.</u>, 23-CV-08975 (LDH)(TAM)

Your Honor:

    I am co-counsel for Plaintiff Korey Watson in the above-referenced matter. I write jointly with counsel for Defendants in compliance with the Court's October 29, 2024 order (*see* October 29, 2024 minute entry), in order to provide the Court with "an updated proposed discovery schedule and updates as to the parties' progress on discovery, any settlement discussions, and whether the case should be referred for mediation or a settlement conference before the Court." The parties met and conferred about the above issues on November 18, 2024.

    Addressing the above topics in the sequence in which the Court has presented them:

    Attached is the parties' proposed updated discovery schedule.

    <u>Plaintiff's position as to Phase I discovery</u>: In advance of yesterday's meet and confer, Plaintiff provided Defendants with a list of 10 categories of discovery to discuss, some – but not all - of which have been disclosed.[1]

---

[1] Those categories of documents are: (1) surveillance video from the scene of the incident (mentioned by one of the responding NYPD members) as well as from NYPD ARGUS or NYC Department of Transportation cameras in the immediate area (if such footage was created/exists); (2) recordings of radio communications (calls from Defendants to police, police and emergency medical provider communications regarding responses, etc., which are documented in other discovery, but the contents of which have not been located and disclosed); (3) interrogatory responses identifying witnesses; (4) any notes, reports, statements, etc. regarding the incident that have not yet been disclosed; (5) documents and information reflecting screening and security measures in place at the location of the incident; (6) relevant contracts between the City and FJC; (7) other documents describing relevant roles and responsibilities of each of the Defendants on the date of the incident; (8)

At the meet and confer, the parties agreed to proceed with a settlement conference after counsel for the City Defendants conclude their investigations into whether documents falling into the first two of those categories exist – namely, any surveillance video from the location of and area around the incident, and any recordings of relevant radio communications.

The parties took into account counsel for the City Defendants' assessment of how long completing those investigations and either producing extant, responsive materials, or reporting back with the results of their investigations, into the date proposed for the completion of Phase I discovery in the attachment hereto.

Also at the meet and confer, defense counsel did not identify any additional documents or information they believe are required in order to proceed with a settlement conference, and not yet produced.

<u>City Defendants' position as to Phase I discovery</u>: Counsel for Plaintiff has accurately conveyed that, at present, City Defendants' identify no additional documents or information are required to proceed to a settlement conference at this juncture. The parties have also discussed that should it become clear that additional documents assist City Defendants in the process of obtaining authority in this matter, the parties will continue to work together in the hopes of resolving the matter if possible.

<u>FJC Defendants' position as to Phase I discovery</u>: The FJC Defendants have nothing further to add to the above.

The parties have not yet engaged in substantive settlement discussions. At yesterday's meet and confer, Plaintiff's counsel agreed to seek authority to make a demand from Plaintiff, and is in the process of doing so.

The parties respectfully ask for a settlement conference before the Court.

The parties thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver

---

training, policies, and practices documents; (9) "prior bad acts" documents; and (10) documents regarding prior, similar incidents.