

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KELLYANNE HOLOHAN**
*Senior Counsel*
*Phone: (212) 356-2249*
*Fax: (212) 356-3509*
*kholohan@law.nyc.gov*

December 20, 2024

**Via ECF**
Honorable Taryn A. Merkyl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Korey Watson v. City of New York, et al.*,
        23-CV-08975 (LDH) (TAM)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporate Counsel for the City of New York representing defendants the City of New York, Kern Probherbs, and Sabrina Duncan. I write on behalf of the parties in accordance with Your Honor's November 20, 2024 order. *See* Civil Docket Entry dated November 20, 2024.

    By way of background, plaintiff alleges that, on September 7, 2022, he appeared at the Human Resources Administration office, as instructed, at 275 Bergen St., to resolve issues with his benefits when he was stabbed with a boxcutter by another individual in line for services. *See* Civil Docket Entry No. 1. Plaintiff alleges, *inter alia*, that defendants City of New York, FJC security, and the individual defendants violated both his state and federal constitutional rights, and brings additional state law claims including a claim for negligent hiring and training. *Id*. On May 29, 2024 Plaintiff filed an amended complaint identifying the named individual defendants[1] as parties in this action. *See* Civil Docket Entry No. 18.

    Since Your Honor's November 20 2024 order, the parties have conferred have continued to confer about discovery and potential settlement. To date, defendants have produced, *inter alia*, the 911 Event Chronology Report as well as Body Worn Camera Footage from seven

---

[1] The individual defendants include Sabrina Duncan and Kern Probherbs, who are represented by the undersigned, as well as Ashley Johnson, Natasia Lyles, Tamika Jenkins, Patricia Robinson, Sean Williams, all of whom are represented by Joseph Wodarski. *See* Civil Docket, generally.

(7) officers who responded to the event. Plaintiff has provided, *inter alia*, injury photos, incident reports, and medical records.

Regarding the 911 recordings and radio communications that plaintiff is seeking, the undersigned has been informed that the actual recordings were deleted. However, the undersigned intends to take additional steps to obtain more information as requested by Plaintiff[2]. Further, the undersigned has made arrangements to obtain clarifying information about the notation indicating that surveillance cameras were present and should have that information by December 23, 2024. Requests for ARGUS camera footage and MTA videos have also been submitted and we are still awaiting additional information on these requests. Defendants understand that we should have additional information regarding these requests within the next three to four weeks.

With regard to settlement, Plaintiff has provided a settlement demand and the parties intend to engage in discussions once defendants have had an opportunity to fully evaluate the demand. To the end, and after conferring on scheduling, the parties are amenable to attending a settlement conference with Your Honor as early as late February on a date and time convenient to the Court.

We thank the Court for its consideration herein.

Respectfully submitted,

*KellyAnne Holohan /s/*

KellyAnne Holohan
Senior Counsel

cc:  **Via ECF**
*All counsel of record*

---

[2] Plaintiff's position is that the City Defendants were on notice of their obligation to preserve this evidence, including by virtue of Plaintiff's Notice of Claim, but apparently destroyed it. Plaintiff has therefore asked the City Defendants to disclose (1) the City's normal preservation period for such recorded radio communications; (2) the date the communications were destroyed; and (3) information about which steps the City took to preserve the recordings in response to Plaintiff's Notice of Claim.