

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KELLYANNE HOLOHAN**
*Senior Counsel*
*Phone: (212) 356-2249*
*Fax: (212) 356-3509*
*kholohan@law.nyc.gov*

January 21, 2025

**Via ECF**
Honorable Taryn A. Merkyl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:   *Korey Watson v. City of New York, et al.*,
                23-CV-08975 (LDH) (TAM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporate Counsel for the City of New York representing defendants the City of New York, Kern Probherbs, and Sabrina Duncan. I write on behalf of the parties and in accordance with Your Honor's November 20, 2024 order. *See* Civil Docket Entry dated November 20, 2024.

        By way of background, plaintiff alleges that, on September 7, 2022, he appeared at the Human Resources Administration office, as instructed, at 275 Bergen St., to resolve issues with his benefits when he was stabbed with a boxcutter by another individual in line for services. *See* Civil Docket Entry No. 1. Plaintiff alleges, *inter alia*, that defendants City of New York, FJC security, and the individual defendants violated both his state and federal constitutional rights, and brings additional state law claims including a claim for negligent hiring and training. *Id*. On May 29, 2024 Plaintiff filed an amended complaint identifying the named individual defendants[1] as parties in this action. *See* Civil Docket Entry No. 18.

        Since Your Honor's December 20 2024 order, the parties have conferred have continued to confer about discovery and potential settlement. To date, defendants have produced, *inter alia*, the 911 Event Chronology Report as well as Body Worn Camera Footage from seven

---

[1] The individual defendants include Sabrina Duncan and Kern Probherbs, who are represented by the undersigned, as well as Ashley Johnson, Natasia Lyles, Tamika Jenkins, Patricia Robinson, Sean Williams, all of whom are represented by Joseph Wodarski. *See* Civil Docket, generally.

(7) officers who responded to the event. Plaintiff has provided, *inter alia*, injury photos, incident reports, and medical records.

Regarding the MTA/DOT videos, requests for any relevant videos were made and in response defendants were informed that was no responsive video. The undersigned has since learned that there may be additional NYPD documents, which *may* include relevant video, and have taken steps to request such documents. As an initial matter, the undersigned must first confirm such documents exist. The undersigned is working to obtain more information regarding the 911/radio run recordings as requested by Plaintiff[2]. Requests for any ARGUS camera footage remain outstanding. Defendants understand that we should have additional information regarding these requests within the next three to four weeks.

**Plaintiff's section:** By way of reminder, in this case, at least one of the Defendants contacted police (presumably via a 911 call that was recorded) after Mr. Watson was attacked, and responding police and emergency medical personnel communicated over the radio related to the incident. Additionally, responding police noted that there was surveillance video at the scene. It is not clear whether NYPD ARGUS cameras, or NYC Department of Transportation cameras, which are stationed in various locations throughout the City, were located outside of 275 Bergen Street, such that they would have captured any of the incident. Moreover, shortly after the incident, and prior to the expiration of the periods in which the NYPD and NYCDOT typically retain video and audio recordings, Plaintiff filed a Notice of Claim with a detailed preservation demand covering, among other things, video and audio recordings. In short, if video and audio recordings in question related to this incident were created, they should have been preserved.

On May 14, 2024, Plaintiff requested those video and audio recordings (among other documents) in written discovery demands. Over the next several months, Plaintiff consistently followed up on those requests. Most recently, on December 18, 2024, Plaintiff's counsel wrote counsel for the City Defendants "to follow up on the status of the City Defendants' searches for '(1) surveillance video from the scene of the incident (mentioned by one of the responding NYPD members) as well as from NYPD ARGUS or NYC Department of Transportation cameras in the immediate area (if such footage was created/exists) [and] (2) recordings of radio communications (calls from Defendants to police, police and emergency medical provider communications regarding responses, etc., which are documented in other discovery, but the contents of which have not been located and disclosed)' – the two categories of documents we had represented to the Court that the City Defendants needed more time to investigate the existence/disposition of prior to scheduling a settlement conference." Counsel for the City Defendants promptly responded, in pertinent part: "I have ordered these documents and I am awaiting returns. I hope to have something to you soon, at least within 30 days….I did reach out

---

[2] Plaintiff's position is that the City Defendants were on notice of their obligation to preserve this evidence, including by virtue of Plaintiff's Notice of Claim, but apparently destroyed it. Plaintiff has therefore asked the City Defendants to disclose (1) the City's normal preservation period for such recorded radio communications; (2) the date the communications were destroyed; and (3) information about which steps the City took to preserve the recordings in response to Plaintiff's Notice of Claim.

to the officer who made a note about the camera […]. I am following up again and will try to get a hold of him." On January 15, 2025, not having heard further from counsel fo the City Defendants, Plaintiff's counsel wrote counsel for the City Defendants seeking an update. Counsel for the City Defendants promptly responded that counsel is "still awaiting whether there was/is video from inside of 275 Bergen St." and "still investigating that and whether there are other documents" but that, "[r]egarding the MTA video, we received the response that. 'A diligent search was conducted based on the information provided and no responsive records were found.'" (Notably, there was never a request from Plaintiff's counsel related to MTA video).

From Plaintiff's perspective, there has been virtually no progress in the past several months in determining (1) whether the surveillance video that responding police noted existed, or NYPD ARGUS or NYC Department of Transportation surveillance footage of the incident and/or its aftermath, in fact existed at the time of the incident and, if so, whether it still exists, or, if not, when any such footage was destroyed or (2) whether recordings of the various police and emergency services communications related to the incident were in fact preserved and still exist or, if not, when those communications were destroyed.

Finally, on December 18, 2024, Plaintiff made a written settlement demand. Defendants have not yet responded to that demand.

We thank the Court for its consideration herein.

Respectfully submitted,

*KellyAnne Holohan /s/*

KellyAnne Holohan
Senior Counsel

cc:  **Via ECF**
     *All counsel of record*

3