

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>L<small>AW</small> D<small>EPARTMENT</small><br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **KellyAnne Holohan**<br>*Senior Counsel*<br>kholohan@law.nyc.gov<br>Phone: (212) 356-2249<br>Fax: (212) 356-3509 |

July 6, 2025

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:  *Korey Watson v. City, et al.*, 23-cv-08975 (LDH) (TAM)

Your Honor:

      I am an attorney in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, counsel for defendants City of New York, Sabrina Duncan, and Kern Probherbs (hereinafter "City Defendants") in the above referenced action. City Defendants write to respectfully request that the Court schedule a pre-motion conference in anticipation of their motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP").

      By way of background, on December 6, 2023, Plaintiff filed his complaint alleging that, on September 7, 2022, he appeared at the Human Resources Administration office, as instructed, at 275 Bergen St., to resolve issues with his benefits when he was stabbed with a boxcutter by another individual in line for services. *See* Plaintiff's Amended Complaint, Civil Docket Entry No. 18. Plaintiff alleges, *inter alia*, that City Defendants, FJC security, and FJC Security officers[1] violated both his state and federal constitutional rights, and brings additional state law claims including a claim for negligent hiring and training. *Id.*

      On May 29, 2025, City Defendants learned that, on August 9, 2024, Plaintiff executed a General Release in connection with an unrelated, ongoing claim, NYC Comptroller Claim Number 2022 PI 023821. In pertinent part, the General Release signed by Plaintiff states

---

[1] The named FJC security officers are Ashley Johnson, Natasia Lyles, Tamika Jenkins, Patricia Robinson, and Sean Williams. *See* Civil Docket Entry No. 18. FJC Security and its individual officers are separately represented by Joseph Wodarski, Esq.

that he "voluntarily, knowingly, and willingly" releases and discharges the defendants in that case along with:

> "the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES," from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of this RELEASE…"[2]

Consequently, because the incident alleged in the Complaint in this case occurred on September 7, 2022, approximately two years *before* Plaintiff signed the above General Release, the instant action is barred in its entirety by the previously executed General Release. *See Mateo v. Carinha*, 799 Fed. App'x 51, 53 (2d Cir. 2020) ("We have had occasion to consider and reject nearly identical arguments to those raised by [the plaintiff] in several non-precedential summary orders affirming City defendant's dispositive motions in light of broad release agreements."); *Bolling v. City of New York*, No. 18 Civ. 5406 (PGG) (RWL), 2021 U.S. Dist. LEXIS 47866 (S.D.N.Y. Mar. 15, 2021).[3] As a result, Plaintiff's Amended Complaint should be dismissed in its entirety against City Defendants, with prejudice.

As a preliminary matter, judgment on the pleadings is appropriate only where all material facts are undisputed and, "a judgment on the merits is possible merely by considering the contents of the pleadings." *See Simmon v. City of New York et al.*, No. 16-cv-256 (RMR) (RER) 2017 U.S. Dist. LEXIS 144200 *3 (E.D.N.Y. September 6, 2017 (citations omitted)(dismissing plaintiffs' claims in the instant matter, which arose between November 2014 and February 2015, because plaintiff signed a general release on May 14, 2025, in connection with a separate matter, which released the City and its employees from "any and all liability, claims, or rights of action alleging a violation of [plaintiffs'] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release…") To determine whether a complaint can withstand a motion to dismiss, by alleging sufficient factual matter, accepted as true plausibly state a claim for relief, the Court is limited in its review to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *Id.*

---

[2] For the Court's convenience, a copy of the August 9, 2024 General Release is annexed hereto.
[3] In an attempt to resolve this matter without judicial intervention or motion practice, on July 1, 2025, the undersigned sent a letter to Plaintiff regarding the implications of the August 9, 2024 General Release. Additionally, the parties engaged in meet and confers regarding potential motion practice on or about May 29, 2025, June 4, 2025, and June 18, 2025.

It is well-settled in this Circuit that "'settlement agreements are contracts and must therefore be construed according to general principles of contract law.'" *Tromp v. City of New York*, 465 Fed. Appx. 50, 51 (2d Cir. 2012) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)); *see also Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 (2d Cir. 2001) ("[a] release is a species of contract and 'is governed by the principles of contract law,'" quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau*, 766 F.2d 709, 715 (2d Cir. 1985)). Under general contract principles, the express terms of an unambiguous contract cannot be supplemented or varied by matters beyond the "four corners" of the document or parol evidence of a party's intentions. *Robinson v. Pierce*, No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442 at *17-18 (S.D.N.Y. Mar. 13, 2012) (report and recommendation); *see also Tromp*, 465 Fed. Appx. at 53 ("whereas" clause in a Stipulation of Settlement and Order of Dismissal, which was outside the "four corners" of the general release, does not limit the terms of the general release). "Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Tromp*, 465 Fed. Appx. at 51 (citations and quotation marks omitted); *see also Horton v. Empire Bail Bonds*, No. 09 CV 1635 (JG), 2010 U.S. Dist. LEXIS 44958 at *6 (E.D.N.Y. May 7, 2010) ("The primary objective when interpreting a contract is 'to give effect to the intent of the parties as revealed by the language of their agreement,'" quoting *Compagnie Financiere de Cic et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 157 (2d Cir. 2000)).

A general release of the type at issue here bars not only the specific claims within a complaint, but also separate and distinct pre-existing claims. *See, e.g., Mateo v. Carinha*, 799 Fed. Appx. 51, 53 (2d Cir. 2020) (affirming dismissal of separately-filed action that was pending at the time a general release was signed); *Valdiviezo v. Greer*, 787 Fed. Appx. 48, 49 (2d Cir. 2019) (affirming dismissal of any claim that accrued before the date a general release was signed); *Tromp*, 465 Fed. Appx. at 52 (affirming dismissal of separate and distinct claim where plaintiff signed a general release). As the Second Circuit has noted, "'words of [a] general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.'" *Tromp*, 465 Fed. Appx. at 52 (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dept. 2011)); *see also Mateo*, 799 Fed. Appx. at 53 (same). Moreover, "[W]hen general language is used in the releasing document, the release is to be construed most strongly against the releasor." *Tromp*, 465 Fed. Appx. at 52 (quoting *Consorcio Prodipe v. Vinci*, 544 F. Supp. 2d 178, 189 (S.D.N.Y. 2008)).

In light of the above, City Defendants respectfully request a pre-motion conference to discuss their anticipated motion to dismiss. Thank you for your consideration herein.

Respectfully submitted,

/s/ KellyAnne Holohan
KellyAnne Holohan

Enc.
cc:   *All Counsel of record*