
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

July 28, 2025

**VIA ECF**
Hon. LaShann DeArcy Hall, United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Korey Watson v. The City of New Yok et al.</u>, 23-CV-08975 (LDH)(TAM)

Your Honor:

  I am co-counsel for Plaintiff Korey Watson in the above-referenced matter. As pleaded in the December 6, 2023 Complaint (ECF 1), and the May 29, 2024 First Amended Complaint (ECF 18), on September 7, 2022, while inside a New York City Human Resources Administration ("HRA") building, an unidentified individual slashed Mr. Watson with a box-cutter, as a number of the individually-named Defendants – some of whom were working for the City of New York and some of whom were working for a contractor, Defendant FJC Security Services, Inc. – failed to intervene and/or prevent Mr. Watson's injuries, and allowed Mr. Watson's assailant to escape.

  I write in compliance with Section III(A)(5) of this Court's Individual Rules of Practice in response to the July 6, 2025 pre-motion conference letter (ECF 41) filed by Defendants City of New York, Sabrina Duncan, and Kern Probherbs (the "City Defendants"). The City Defendants propose to move to dismiss under Fed.R.Civ.P. 12(c) on the basis that, on May 29, 2025, the attorney for the City Defendants discovered that Mr. Watson had signed an August 9, 2024 "General Release" in connection with the $3,000 settlement of an unrelated pre-litigation tort claim against the City of New York (ECF 81-1).

  First, the City Defendants' proposed motion would not dispose of the claims against Defendants Ashley Johnson, Natasia Lyles, Tamika Jenkins, Patricia Robinson, and Sean Williamson (the "FJC Defendants"), who are represented by different counsel. Therefore, even if the City Defendants were to make, and the Court were to grant, a dispositive motion as to the City Defendants, that would not resolve the claims against the FJC Defendants.

  Additionally, the City Defendants did not raise any affirmative defense related to the General Release in their September 9, 2024 Answer to Plaintiff's First Amended Complaint (ECF 28), although the City knew that Mr. Watson had executed the General Release a month earlier, on August 9, 2024. Nor have the City Defendants sought to amend their Answer to assert such an affirmative defense in the almost year since that time – during which, despite having investigated Plaintiff's claims and conducted searches for documents and information responding to Plaintiff's interrogatories and document demands that were served in May of 2024, the City Defendants somehow did not discover the existence of the General Release. Although "a district court may still entertain affirmative defenses at the

summary judgment stage" when a defendant has not timely pleaded the affirmative defense, it may only do so "in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2nd Cir. 2003). The Second Circuit has been "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Monahan v. NYC Department of Correction*, 214 F.3d 275, 284 (2nd Cir. 2000). Plaintiff would therefore oppose the Court's allowing the City Defendants to move forward with a dispositive motion asserting an affirmative defense that the City Defendants have not pleaded on laches grounds and because doing so would unfairly surprise and prejudice Plaintiff, as well as unduly delay the proceedings.

Next, the City Defendants' proposed motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) would be inappropriate because the City Defendants seek to rely on the General Release – a matter outside the pleadings. If the Court considers the General Release – which is a matter outside the pleadings – Fed.R.Civ.P. 12(d) would require the Court to construe the motion as one for summary judgment under Fed.R.Civ.P. 56, in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed.R.Civ.P. 12(d). In that connection, Plaintiff would seek to argue that, if the Court were not convinced based on the present record that the General Release is not a bar to Plaintiff's pursuit of his claims in this matter, discovery into the circumstances under which the City obtained the General Release from Mr. Watson would be necessary, in order for the Court to determine whether Mr. Watson's purported release of his rights to pursue the claims in this lawsuit was fairly and knowingly made.

While the City Defendants argue that the language in the General Release is not ambiguous, and cite Second Circuit unpublished decisions in which the Court has construed language in prior versions of releases employed by the City of New York to bar claims without consideration of the parties' knowledge or intent at the time of their execution, considering many of those same cases, district courts within the Second Circuit have decided either that the Court must consider whether such releases apparently purporting to cover unrelated civil rights claims were in fact fairly and knowingly made, or that the same, or similar, language in a general release executed in a personal injury matter cannot act as a bar to unrelated civil rights claims.

For example, in *Dahkeem Miller, et al., v. City of New York, et al.,* SDNY Docket Number 21-cv-02616(PKC)(JW), Magistrate Judge Jennifer E. Willis recognized that, under New York law, there are "special rules" for considering such general releases – especially such releases made in the personal injury context - "which require the Court to determine whether a release…was 'fairly and knowingly made'", employing "a totality of the circumstances standard" in making that determination. *See* September 26, 2024 Transcript in *Dahkeem Miller, et al. v. City of New York, et al.,* a true copy of which is attached as Appendix 1, at pp. 5-7 (internal quotations omitted); *see also, e.g., Mangini v McClurg*, 24 NY2d 556 (1969); *In re Actrade Fin. Techs., Ltd.*, 424 B.R. 59, 69-71 (Bankr. SDNY 2009) (reviewing *Mangini* and some of its progeny in New York law); *Dury v. Dunadee*, 52 A.D.2d 206, 208-09 (4th Dept. 1976) (recognizing "highly specialized rules of interpretation" for releases from personal injury claims); *Campos v. Aegis Realty Mgmt. Corp.*, 2020 US Dist LEXIS 14138, at *22 (SDNY

Jan. 28, 2020) ("courts applying New York law have looked beyond the language of a general release and to the context in which it was entered into in determining the scope of that release"). In *Miller*, Judge Willis considered, among other things, "the relatively low amounts the cases were settled for…the City's own course of conduct…and…the listing of the index numbers of those cases on the releases in the settled cases" in ultimately finding that the General Releases at issue in *Miller* could not bar the *Miller* plaintiffs' claims. *Miller* Transcript at p. 7.

More recently, in *Chris Terry v. City of New York, et al.,* EDNY 23-CV-5955 (NRM)(JRC), after the parties had fully briefed the City's motion to dismiss based on a general release, in which the City advanced many of the arguments the City Defendants would presumably make in their proposed motion, Hon. Nina R. Morrison issued a text-only order directing supplemental briefing as to a whether a different standard in fact applies under federal law, given the important constitutional claims at issue:

> Second, in review of the motion papers, the Court has identified certain issues on which it may benefit from supplemental briefing. The Court notes that there are many cases that are non-precedential or otherwise persuasive authority that inform how the Court could resolve Defendants' motion. However, the Court is also aware of a body of law regarding releases in the context of federal employment discrimination cases that employs a multi-factor test in determining whether such releases were knowingly and voluntarily entered, due to the "strong Congressional purpose... to eradicate discrimination in employment." *See Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 129 (S.D.N.Y. 2012) (quoting *Kristoferson v. Otis Spunkmeyer, Inc.*, 965 F. Supp. 545, 548 (S.D.N.Y. 1997)). The Court requests supplemental briefing on how, if at all, elements of the test applied in the federal employment discrimination context applies in the context of releases implicating future claims of a constitutional dimension, including claims like Plaintiff's raised through 42 U.S.C. § 1983. Additionally, the Court requests supplemental briefing on how Plaintiff's education level, literacy level, and his relationship and interactions with counsel when considering the general release may or may not implicate the validity of the general release he signed.

3/22/25 Text-Only Order in *Terry*; *see also, e.g., Bormann v. AT&T Communications, Inc.,* 875 F.2d 399 (2nd Cir. 1989), *cert. denied*, 493 U.S. 924 (1989) (the focus in determining should be on whether any purported waiver at issue was knowing and voluntary). A fresh dispositive motion in *Terry* has been fully briefed as of July 24, 2025, and Judge Willis will no doubt rule on the motion promptly.

Plaintiff intends to oppose any dispositive motion from the City Defendants based on the General Release. Given the possibility that a decision in *Terry* may be persuasive to the Court in this matter, Plaintiff respectfully asks that the Court either stay this matter and delay setting a briefing schedule until after the *Terry* decision, or set a long briefing schedule. In that connection, I note that I will be out of the office from August 1, 2025 through August 18, 2025, and ask that the Court not set any of the relevant deadlines in that window.

3

Thank you for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver