Index No. 23-CV-8975 (LDH) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KOREY WATSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, FJC SECURITY SERVICES, SABRINA DUNCAN, ASHLEY JOHNSON, KERN PROBHERBS, NATASIA LYLES, TAMIKA JENKINS, PATRICIA ROBINSON, AND SEAN WILLIAMS,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R. CIV. P. 12(C)**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*At Attorney for Defendants City, Duncan, and Prohberbs*

*Of Counsel: KellyAnne Holohan*
*Tel: (212) 356-2249*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT STATEMENT OF FACTS ................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT

POINT I

THE GENERAL RELEASE SIGNED BY PLAINTIFF IN NYC COMPTROLLER CLAIM NUMBER 2022 PI 023821 BARS PLAINTIFF'S CLAIMS IN THIS ACTION ........................................................ 4

A. The General Release in NYC Comptroller Claim Number 2022 PI 023821 Released The City, And All Past And Present City Employees, From The Claims Alleged In Plaintiff's Complaint. ........................................................ 7

B. The Language Of The General Release In NYC Comptroller Claim Number 2022 PI 023821 Is Unambiguous And Applies In The Instant Matter........................................................ 7

CONCLUSION........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.A. Truck Renting Corp. v. Navistar, Inc.*,
916 N.Y.S.2d 194 (2d Dep't 2011)....5

*Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau*,
766 F.2d 709 (2d Cir. 1985)....4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....3

*Collins v. Harrison-Bode*,
303 F.3d 429 (2d Cir. 2002)....4

*Dechberry v. New York City Fire Dep't*,
124 F. Supp. 3d 131 (E.D.N.Y. 2015)....8

*Drew v. City of N.Y.*,
18-CV-10714 (ER), 2019 U.S. Dist. LEXIS 132416 (S.D.N.Y. Aug. 6, 2019)....7, 8

*Faber v. Metro. Life Ins. Co.*,
648 F.3d 98 (2d Cir. 2011)....3

*Golden Pac. Bancorp v. FDIC*,
273 F.3d 509 (2d Cir. 2001)....4

*Horton v. Empire Bail Bonds*,
No. 09-CV-1635 (JG), 2010 U.S. Dist. LEXIS 44958 (E.D.N.Y. May 7, 2010)....5

*Juster Assocs. v. City of Rutland*,
901 F.2d 266 (2d Cir. 1990)....4

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011)....4

*Lively v. WAFRA Inv. Advisory Grp., Inc.*,
6 F.4th 293 (2d Cir. 2021)....3

*Lynch v. City of New York*,
952 F.3d 67 (2d Cir. 2020)....3

*Mateo v. Carinha*,
799 Fed. App'x 51 (2d Cir. 2020)....4, 5

**Cases** **Pages**

*Richards v. Select Ins. Co.*,
40 F. Supp. 2d 163 (S.D.N.Y. 1999)....................3

*Roberts v. Babkiewicz*,
582 F.3d 418 (2d Cir. 2009)....................4

*Robinson v. Pierce*,
No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442 (S.D.N.Y. 2012) ....................5

*Selevan v. N.Y. Thruway Auth.*,
584 F.3d 82 (2d Cir. 2009)....................3

*Toro v. Graphic Communs. Holding, Inc.*,
No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380 (S.D.N.Y. May 1, 2019) ....................4, 5

*Tromp v. City of New York*,
465 F. App'x 50 ....................5

*Walker v. Corizon*,
764 F. App'x 78 (2d Cir. 2019) ....................7

*Wang v. Paterson*,
No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495 (S.D.N.Y. Dec. 18, 2008) ....................5

**Statutes**

42 U.S.C. § 1983....................1

Fed. R. Civ. P. 12(b)(6)....................3

Fed. R. Civ. P. 12(c) ....................1, 3, 4, 5, 9

## PRELIMINARY STATEMENT

Plaintiff, Korey Watson, brings this action on December 6, 2023, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that, on September 7, 2022, his due process rights were violated when defendants failed to adequately protect him from being assaulted and seriously injured by an unknown person while at 275 Bergen St., 1st floor, a City of New York Human Resources Administration ("HRA") office. *See generally* Civil Docket Entry No. 1; *see also* Civil Docket Entry No. 18, Amended Complaint. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants City of New York, Sabrina Duncan, and Kern Probherbs (hereinafter "City defendants") now move for judgment on the pleadings on the grounds that all of Plaintiff's claims are barred by the terms of a General Release entered into between Plaintiff and the Comptroller's Office of the City of New York on August 9, 2024 in connection with an unrelated claim bearing NYC Comptroller Claim Number 2022 PI 023821. Accordingly, the instant matter should be dismissed in its entirety, with prejudice.

## RELEVANT STATEMENT OF FACTS

Plaintiff filed the instant matter on December 6, 2023. *See* Civil Docket Entry No. 1. Thereafter, on May 29, 2024, Plaintiff filed an amended complaint. *See* Civil Docket Entry No. 18. Specifically, Plaintiff alleges that, on September 7, 2022, at about 2 p.m., he arrived at the HRA office located on the 1st floor of 275 Bergen street in order to address a lapse in his benefits, which were due to be reactivated. As Plaintiff waited on line, a stranger waiting in the same line began to yell at him loudly. The stranger then took out a box cutter and attempted to cut Watson's face. Though Plaintiff dodged the first attack and backed away, the assailant continued swinging at Plaintiff, eventually slashing him in the chest. Plaintiff claims that, although uniformed security guards were present nearby from the beginning of the altercation, the guards did nothing to prevent

plaintiff from being harmed, and that they further allowed the assailant to escape after the attack was concluded.

In 2022, Plaintiff filed an unrelated claim with the Comptroller's Office of the New York City Office under Claim Number 2022 PI 023821, which culminated in a settlement with the City of New York. In connection with the settlement in that matter, and while represented by counsel, Plaintiff signed a General Release ("General Release"). *See* General Release, annexed hereto to the Declaration of KellyAnne Holohan, hereinafter "Holohan Decl.," as **Exhibit A**. In pertinent part, the General Release signed by Plaintiff states that he "voluntarily, knowingly, and willingly" releases and discharges the defendants in that case along with:

> the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES," from *any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown*, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause, or thing whatsoever that occurred *through the date of this RELEASE* [August 9, 2024].

*Id.*

The incident alleged in the instant matter occurred on September 7, 2022, which was approximately two years and one month ***before*** Plaintiff signed the General Release in Comptroller Claim Number 2022 PI 023821.

This General Release also conspicuously includes a section wherein plaintiff could have written in an exception for the instant matter. Specifically, stating,

> **LIST BELOW THE EXCLUSION OF OTHER CLAIMS OR ACTIONS FROM THIS RELEASE. DO NOT INSERT THE**

**SUBJECT CLAIM. ALL OUTSTANDING CLAIMS OR ACTIONS ARE INCLUDED IN THIS RELEASE UNLESS EXCLUDED SPECIFICALLY BY NAME BELOW. LEAVE THE SPACES BELOW BLANK IF NOT APPLICABLE**

*Id.*

The "spaces below" are left blank. Thus, the General Release does not include an exception for this incident. *Id.* Moreover, by signing the General Release, Plaintiff acknowledged that "the undersigned has read the foregoing release and fully understands it." *Id.*

Accordingly, City Defendants now seek judgment on the pleadings pursuant to Rule 12(c) in light of the fact that the instant action is barred by the plain and unequivocal terms of the General Release that Plaintiff signed in Comptroller Claim Number 2022 PI 023821.

## STANDARD OF REVIEW

"The standard for granting a Rule 12(c) motion for judgement on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). Applying this standard requires courts to "draw all reasonable inferences in [the non-movant's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A judgment on the pleadings is granted "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999) (internal quotation marks omitted). A moving party is entitled to judgment as matter of law where it shows

"that no material issue of fact remains to be resolved." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).

In adjudicating a Rule 12(c) motion, a court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). A complaint "is 'deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (citations omitted); *see also Toro v. Graphic Communs. Holding, Inc.*, No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380 (S.D.N.Y. May 1, 2019) (permitting a general release to be included in the context of a 12(c) motion to dismiss).

## ARGUMENT

### POINT I

### THE GENERAL RELEASE SIGNED BY PLAINTIFF IN COMPTROLLER CLAIM NUMBER 2022 PI 023821 BARS PLAINTIFF'S CLAIMS IN THIS ACTION IN THEIR ENTIRETY

Under New York law, the court is bound to enforce the plain, unambiguous language of a general release, without considering extrinsic evidence. *See Caraballo v. City of New York*, 2025 U.S. App. LEXIS 12041 (2d Cir. 2025) It is well-settled in the Second Circuit that "settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Mateo v. Carinha*, 799 Fed. App'x 51, 53 (2d Cir. 2020) (summary order) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)). Similarly, "[a] release is a species of contract law and 'is governed by the principles of contract law.'" *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 (2d Cir. 2001) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n*

*v. Gallizeau*, 766 F.2d 709, 715 (2d Cir. 1985)). Under general contract principles, the express terms of a contract cannot be supplemented or varied by matters beyond the "four corners" of the document or parol evidence of a party's intentions where the written agreement was intended to embody the entire agreement between the parties. *Robinson v. Pierce*, No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442, at **17–18 (S.D.N.Y. 2012); *see also Tromp v. City of New York*, 465 F. App'x 50, 53 ("whereas" clause in a Stipulation of Settlement and Order of Dismissal, which was outside the "four corners" of the general release, does not limit the terms of the general release). A motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is an appropriate vehicle for dismissal on the basis of a release. *See, e.g., Toro v. Graphic Communs. Holding, Inc.*, No. 18 Civ. 3906 (KPF), 2019 U.S. Dist. LEXIS 73380 (S.D.N.Y. May 1, 2019).

"Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Mateo*, 799 Fed. App'x at 53 (quoting *Wang v. Paterson*, No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495, at *4 (S.D.N.Y. Dec. 18, 2008); *see also Horton v. Empire Bail Bonds*, No. 09-CV-1635 (JG), 2010 U.S. Dist. LEXIS 44958, at *6 (E.D.N.Y. May 7, 2010) ("The primary objective when interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement.") (internal citation and quotations omitted). As the Second Circuit has noted, "'[w]ords of [G]eneral [R]elease are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.'" *Tromp*, 465 Fed. App'x at 52 (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011)).

Moreover, the Second Circuit has noted "strong policy considerations" that require giving effect to a general release. *Ruskay v. Waddell*, 552 F.2d 392, 398 (2d Cir. 1977). "To now allow plaintiffs to prosecute this action after giving what is, on its face, a general release would allow the defendants to be sandbagged." *Id.* at 396. "Once the decision to settle is made, a party must abide by it." *Id.* at 398.

A plaintiff's subjective understanding of the applicability of a General Release is irrelevant to the General Release's enforceability. With "'unambiguous contracts,'" Plaintiff's "'subjective intent and understanding of the terms is irrelevant.'" *Cuadrado v. Zito*, No. 13-CV-3321 (VB), 2014 U.S. Dist. LEXIS 57184 at *6 (S.D.N.Y. Mar. 21, 2014) (quoting *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012)). The unambiguous language of the release – not Plaintiff's subjective understanding of it – controls. *See Lurch v. Chaput*, No. 16-CV-2517 (AT) (RWL), 2018 U.S. Dist. LEXIS 200517 at *7-*8 (S.D.N.Y. Nov. 2, 2018); *Dinkins v. Harris*, No. 15-CV-8914 (GHW), 2016 U.S. Dist. LEXIS 85277 at *8 (S.D.N.Y. June 29, 2016) (citing *HOP Energy, L.L.C.,* 678 F.3d at 162). Moreover, Plaintiff acknowledged that "[t]his RELEASE may not be changed orally. **THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT**." *See* Holohan Decl., **Exhibit A**. Further, Plaintiff was represented in that matter by an attorney, Ilissa Brownstein, Esq.[1] *See* Affirmation of Status of Attorney's Liens, annexed hereto to Holohan Decl., as **Exhibit B**.

[1] Browstein Legal, of which Ilissa Brownstein is a founding partner, appears to focus primarily on civil rights law. *See* https://brownsteinlegal.com/

**A. The General Release in NYC Comptroller Claim Number 2022 PI 023821 Released The City, And All Past And Present City Employees, From The Claims Alleged In Plaintiff's TAC.**

The General Release signed by Plaintiff in NYC Comptroller Claim Number 2022 PI 023821 released the City of New York and all past and present City employees from any and all of Plaintiff's potential claims that may have occurred prior to the date Plaintiff signed the release, August 9, 2024, and listed no carve out litigation as an exception. *See* Holohan Decl., **Exhibit A**. Thus, there can be no dispute that this unambiguous language releases the claims brought by Plaintiff in the instant matter, as they arise out of events occurring "on or about September 7, 2022," approximately two years ***prior*** to the date Plaintiff signed the General Release. *See id.*; TAC at ¶ 4. For this reason alone, the instant case must be dismissed.

**B. The Language Of The General Release In NYC Comptroller Claim Number 2022 PI 023821 Is Unambiguous.**

A contract is unambiguous if it "contains 'a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" *Drew v. City of N.Y.*, 18-CV-10714 (ER), 2019 U.S. Dist. LEXIS 132416, at *8 (S.D.N.Y. Aug. 6, 2019) (quotations omitted).

For instance, in *Drew v. City of New York*, the Plaintiff and City executed a general release relinquishing the Plaintiff's rights to bring a suit for violations of his civil rights against the City arising from any events prior to the date of the signed release. 2019 U.S. Dist. LEXIS 132416, at *8. The Court held that the general release was unambiguous and enforceable "because it specifie[d] 'any and all liability, claims or rights of action alleging a violation of [plaintiff's] civil rights.'" *Id.*; *see also Walker v. Corizon*, 764 F. App'x 78, 79 (2d Cir. 2019) (holding that "the district court properly dismissed [plaintiff's] complaint because his claims were barred by the

unambiguous language of the release … which encompass[ed] all of plaintiff's civil rights claims against the City, its employees, and its agents arising").

Here, as in *Drew*, in exchange for consideration, Plaintiff executed a release with the City specifying that Plaintiff released the City, its agents and assigns, from any and all liability arising out of any claims, known or unknown. *See* Holohan Decl., **Exhibit A** Further, he left blank the spaces provided for him to provide an exception for the instant matter, further indicating that the General Release, "constitutes complete payment and satisfaction for all injuries and damages, including all claims for costs, expenses, attorneys' fees, and disbursements." *Id.* When Plaintiff signed the General Release on August 9, 2024 in connection with his settlement with the Comptroller's Office, Plaintiff was presumably aware of the claims asserted in the instant matter — and that he was relinquishing his right to pursue them—given that the events alleged in the instant matter predated the Release's execution by just over two years. *Id.*

Additionally, "courts in this Circuit have consistently barred claims even where a plaintiff enters into a settlement, executes a general release, and then subsequently brings an additional lawsuit alleging similar claims that could have been alleged in the prior settled action." *Drew*, 2019 U.S. Dist. LEXIS 132416, at *8 (holding that the incident at issue was included within the scope of a general release where the incident predated the release's execution) (quoting *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 142 (E.D.N.Y. 2015)).

Here, defendants Sabrina Duncan and Kern Probherbs were employees of the City of New York on September 7, 2022. As such, those defendants are unquestionably within the scope of the Release as Plaintiff expressly agreed to "release and forever discharge the City of New York and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named

defendants and entities represented and/or indemnified by the City of New York. . . . from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown." *See* Holohan Decl., **Exhibit A**. Thus, the General Release is unambiguous and enforceable and applies in the instant matter. Therefore, the instant case must be dismissed in its entirety against City Defendants.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, together with such other and further relief as this Court may deem just and proper.

Dated: September 22, 2025
New York, New York

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for City Defendants*
100 Church Street, Third Floor
New York, NY 10007
(212) 356-5053

By: KellyAnne Holohan /s/
KellyAnne Holohan
*Senior Counsel*
Special Federal Litigation

cc: **BY ECF:**
*All counsel of record*