UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KOREY WATSON,

                            Plaintiff,

-against-

CITY OF NEW YORK, FJC SECURITY SERVICES,
SABRINA DUNCAN, ASHLEY JOHNSON, KERN
PROBHERBS, NATASIA LYLES, TAMIKA JENKINS,
PATRICIA ROBINSON, and SEAN WILLIAMS,

                            Defendants.

------------------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

23-CV-8975 (LDH) (CHK)

## PRELIMINARY STATEMENT

In plaintiff's amended memorandum of law in opposition to City defendants' motion for judgment on the pleadings,[1] ECF No. 47-1 ("Pl.'s Opp."), plaintiff urges the Court to deny City defendants' motion on technical procedural grounds which can be rectified, as well as advances a novel—and completely unsupported—theory of why plaintiff's general release does not actually bar his present claim. For the reasons that follow, the Court should adhere to binding precedent and find that the plain-language of the pertinent release controls, thus foreclosing plaintiff's claims against the City defendants here.

---

[1] On October 13, 2025, plaintiff filed his original opposition to City defendants' motion. *See* ECF No. 46. Two days later, plaintiff filed a motion to amend the opposition on the grounds that there were errors in the original filing's table of contents and table of authorities. *See* ECF No. 47. The City defendants thus cite to plaintiff's amended memorandum of law at ECF No. 47-1.

# ARGUMENT

## POINT I

**THE FACT THAT CITY DEFENDANTS DID NOT INCLUDE PLAINTIFF'S GENERAL RELEASE AS AN AFFIRMATIVE DEFENSE IN THEIR ANSWER IS IMMATERIAL, AS PLAINTIFF HAS FACED NO UNDUE PREJUDICE**

Plaintiff first takes issue with the fact that City defendants did not include plaintiff's general release as an affirmative defense in their operative answer. But, as even plaintiff himself point out, such an oversight—which was understandable here, *see infra*—may be excused by a reviewing court "in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014) (internal quotation marks omitted). None of these factors are present here.

In arguing to the contrary, plaintiff primarily focuses on the so-called "surprise disclosure" of the release, which admittedly came after several months of discovery in this matter. *See* Pl.'s Opp. at 13. But the fact that City defendants did not locate the general release until recently should come as no surprise at all, as other courts have observed. Plaintiff signed the pertinent general release prelitigation with the New York City Office of the Comptroller directly, not with the Law Department, which makes a crucial difference as the two bodies are distinct municipal entities. *See Caraballo v. City of New York*, 18-CV-10335 (ER), 2023 U.S. Dist. LEXIS 54329, at *13-14 (S.D.N.Y. Mar.29, 2023) (excusing the City from not finding a general release until well into discovery because the "the settlement [there] was with a different New York City agency, the Comptroller's Office" and therefore "it [was] clear that any search within the Law Department prior to [plaintiff's] deposition would have been futile because the General Release was maintained

only in physical form, in a different branch of the New York City government"). In that sense, plaintiff is simply wrong that the Law Department's internal review of documents for discovery purposes should have come up with the general release here any sooner than it did. As such, his argument that there is any prejudice to plaintiff as a result of the timing of City defendants' motion is meritless.

## POINT II

### THE COURT SHOULD CONVERT CITY DEFENDANTS' MOTION TO A SUMMARY JUDGMENT MOTION AND NEED NOT ALLOW LIMITED DISCOVERY HERE

Plaintiff next faults the fact that the general release relied upon by City defendants is not attached to the relevant pleadings, specifically the City defendants' answer. *See* Pl.'s Opp. at 14. But as plaintiff himself concedes, there is a simple fix for that so-called problem—the Court can construe the City defendants' motion as one made pursuant to Fed. R. Civ. P. 56 and issue judgment accordingly. *See* Fed. R. Civ. P. 12(d). The only requirement for the Court to do so is that plaintiff must be entitled to "a reasonable opportunity to present all the material that is pertinent to the motion," *id.*, which of course plaintiff has here had by filing his twenty-four page opposition to City defendants' motion, including a declaration from plaintiff himself.

Nor should the Court entertain plaintiff's request for limited discovery on the general release issue, *see* Pl.'s Opp. at 15, as their purported theory of invalidating the general release finds no support in the law, as explained *infra* in Point III.

## POINT III

### PLAINTIFF'S PROFFERED STANDARD FOR THE INVALIDITY OF HIS GENERAL RELEASE GOES AGAINST ALL BINDING CASELAW

Finally, plaintiff's opposition invites this Court to disregard well-established precedent, including from the Second Circuit, enforcing unambiguous general releases according to their terms and, instead, embark upon an uncharted course of action in employing standards of federal employment discrimination law in § 1983 cases. *See generally* Pl.'s Opp. at 16-24. But the law leaves no wiggle-room: when a release is clear on its face and executed without fraud, duress, or mutual mistake, it must be given full effect. *See Siddons v. the City of New York*, 17-CV-4017 (LDH) (RLM), 2019 U.S. Dist. LEXIS 10119, at *5-6 (E.D.N.Y Jan. 7, 2019); *Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011); *Booth v. 3669 Delaware, Inc.*, 92 N.Y.2d 934, 935 (1998).

The release plaintiff executed is comprehensive and unequivocal, leaving no doubt that it encompasses the claims asserted in this action. *See* Ex. A, General Release, ECF No. 44-2. The Second Circuit recently reaffirmed that principle in *Caraballo v. City of New York*, 2025 U.S. App. LEXIS 12041 (2d Cir. 2025), enforcing an identical general release to bar subsequent § 1983 claims brought by a plaintiff. Likewise, the First Department in *Smith v. City of New York*, 236 A.D.3d 414 (1st Dep't 2025), held that a standard City release executed in connection with a settlement of one matter barred a second, unrelated civil rights action. These authorities foreclose plaintiff's argument that his subjective intent or limited understanding can override the plain text of the release. *See also, e.g.*, *Lloyd v. the City of New York*, 15-CV-8539 (RJS), 2017 U.S. Dist. LEXIS 77716, at *8 (S.D.N.Y. May 22, 2017) ("'To the extent that [plaintiff argues] that he understood the release to only bar claims on which no action had been taken prior to the execution of the General Release,…the unambiguous language of the General Release, rather than [plaintiff's] subjective understanding, controls'") (alterations in original) (quoting *Dinkins v. Decoteau*, 15-CV-8914 (GHW), 2016 U.S. Dist. LEXIS 85277, at *3 (S.D.N.Y. June 29, 2016)).

Plaintiff's contention that the Court must apply a "knowing and voluntary" standard derived from employment-discrimination jurisprudence entirely misses the mark. The multi-factor test developed in *Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399 (2d Cir. 1989) was grounded in the "strong congressional purpose underlying the ADEA to eradicate discrimination in employment," *id.* at 403, not in general contract law. The only inquiry relevant here is whether the release was clear and executed without fraud, duress, or mutual mistake. *Centro Empresarial*, 17 N.Y.3d at 276. Plaintiff has not alleged—let alone substantiated—any of those exceptions. His claim that he "did not understand" the scope of the release cannot override its unambiguous language. *Booth*, 92 N.Y.2d at 935 ("A party who signs a clear and unambiguous document is bound by its terms").

Furthermore, plaintiff's reliance on *Chris Terry v. City of New York*, No. 23-CV-5955 (E.D.N.Y.), and *Dahkeem Miller et al. v. City of New York*, No. 21-CV-2616 (S.D.N.Y.), is misguided. Neither case is precedential, and both turned on unique factual circumstances not present here. In *Miller*, a class action, Magistrate Judge Willis applied a totality-of-the-circumstances inquiry only after finding uncertainty as to the scope and execution of the release. Here, the release is clear on its face, executed with counsel, and supported by valid consideration. Likewise, the *Terry* order on which plaintiff relies was a non-dispositive request for supplemental briefing—not a judicial holding adopting the standard that plaintiff urges. By contrast, both the Second Circuit and New York appellate courts continue to enforce such releases under ordinary contract principles, as should this Court. *See Caraballo*, 2025 U.S. App. LEXIS 12041, at 3–4; *Smith*, 236 A.D.3d at 416.

## **CONCLUSION**

Accordingly, the City defendants request that the Court grant their motion for relief pursuant to Fed. R. Civ. P. 12(c)—or, in the alternative, pursuant to Fed. R. Civ. 56—and dismiss this case as against them.

Dated:    New York, New York
          October 27, 2025

                                        **MURIEL GOODE-TRUFANT**
                                        Corporation Counsel of the City of New York
                                        *Attorney for defendants*
                                        100 Church Street, 4th Floor
                                        New York, New York 10007


                                By:     *Luca Difronzo /s*
                                        Luca Difronzo
                                        *Assistant Corporation Counsel*
                                        New York City Law Department
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2354
                                        ldifronz@law.nyc.gov


cc:     **VIA ECF**
        *All counsel of record*

## **CERTIFICATION**

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,385. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated:   New York, New York
         October 27, 2025

                                                  MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
(212) 356-3545
acorsi@law.nyc.gov

By:   *Luca Difronzo /s*
      LUCA DIFRONZO