

**BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY**

**ALEXANDER A. REINERT**  
Max Freund Professor of Litigation & Advocacy  
Director, Center for Rights and Justice

212.790.0403  
Fax: 212.790.0805  
E-MAIL: areinert@yu.edu

**By ECF**

November 13, 2025

The Honorable LaShann DeArcy Hall  
United States District Judge  
United States District Court for the Eastern District of  
 New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

RE:     *Watson v. City of New York*, 23 Civ. 8975 (LDH) (CHK)

Dear Judge Hall:

Pursuant to this Court's inherent authority, *see, e.g., New York v. Nat'l Sci. Found.*, No. 25 CIV.4452, 2025 WL 1793858, at *6 (S.D.N.Y. June 30, 2025); *United States v. Adams*, 348 F.R.D. 408, 409 (S.D.N.Y. 2025), I write seeking leave file an *amicus curiae* brief in support of Plaintiff Korey Watson in this case. Attached as Exhibit A to this motion is the proposed *amicus curiae* brief. I have sought consent to file an *amicus* brief from all parties to the ligation. Plaintiff has consented. City Defendants have stated that they oppose the application. Counsel for FJC Security Services, Inc., consents to the application.

City Defendants' motion for judgment on the pleadings concerns whether a purported release executed by Plaintiff in a prior unrelated matter can be applied to bar his claims in this civil rights case. This case thus concerns matters of procedure and civil rights law, a subject on which I have significant expertise and demonstrated interest. I am the Max Freund Professor of Litigation and Advocacy at the Benjamin N. Cardozo School of Law.[1] I am a legal scholar with expertise in civil procedure, constitutional law, and federal courts, among other disciplines.  I research and teach in all of these areas and have a particular scholarly focus on civil procedure and civil rights remedies, having authored or coauthored numerous articles regarding civil rights litigation and procedure. As a matter of full disclosure, I also am class counsel for the plaintiffs in *Miller v. City of New York*, 21 Civ. 2616 (S.D.N.Y.), in which a similar issue was litigated. I seek leave to participate in this matter based on my scholarly expertise, not based on my representation of the class in *Miller*.

---

[1] Institutional affiliation is provided for purposes of identification only.

I respectfully suggest that the proposed brief is relevant to the Court because it addresses how both New York law and federal constitutional law should be applied to City Defendants' arguments in this case. First, the brief explains why City Defendants' arguments are inconsistent with New York law, which does not give sweeping boilerplate language of releases the effect City Defendants claim. Second, the brief explains that the "unconstitutional conditions" doctrine applies to limit the reach of the release at issue in this case.

A district court has "broad discretion to grant or deny an appearance as *amicus curiae* in a given case." New York v. Nat'l Sci. Found., No. 25 CIV.4452, 2025 WL 1793858, at *6 (S.D.N.Y. June 30, 2025) (cleaned up). Where an *amicus*' perspective "may be useful to the Court's consideration" of a case, it is well within the Court's discretion to permit the *amicus* to file a brief. *Id.* The court is more likely to grant leave for an *amicus* to appear and argue when the case involves "matters of public interest," as does this case. *See Pratt v. Indian River Cent. Sch. Dist.*, No. 09 Civ. 0411, 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010) (internal quotation marks omitted).

If an *amicus*' participation would unduly delay the proceedings, it should not be accepted. *Id*. But that is not the case here, where the matter has been fully briefed but not decided. *Id.* (finding that a motion for leave to participate as *amicus* was timely even though cross-motions for summary judgment had been fully submitted, because judgment had not yet been rendered). Even when an *amicus* brief may function as a surreply, it will not be deemed untimely or prejudicial to the parties. *See id.* at *4.

For the foregoing reasons, I respectfully request that this Court grant my motion for leave to participate in this case as *amicus curiae* and to file the brief attached hereto as Exhibit A.

Respectfully submitted,

ALEXANDER A. REINERT
55 Fifth Avenue, Room 1005
New York, New York 10003
(646) 592-6543
areinert@yu.edu
*Counsel for Amicus Curiae*

cc: Counsel of record (by ECF)